1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                                DISTRICT OF NEVADA
7                                      * * *

8

9    UNITED STATES OF AMERICA,              )
                                            )
10                 Plaintiff,               )          2:12-cr-00223-PMP-RJJ
                                            )
11                                          )    REPORT &   RECOMMENDATION
     vs.                                    )        OF UNITED STATES
12                                          )        MAGISTRATE JUDGE
                                            )    (Defendant's Motion to Suppress #19)
13   JACOB FORREST,                         )
                                            )
14   _____Defendant._____ )

15         This matter came before the Court for a hearing on Defendant Jacob Forrest's Motion to

16   Suppress (#19).  The Court has considered the Defendant's Motion to Suppress (#19); the

17   Government's Response (#23); and the testimony and arguments presented at the hearing held on

18   October 25, 2012 (#27).

19                                  **BACKGROUND**

20         On the evening of February 28, 2011, Defendant Jacob Forrest and his girlfriend were

21   standing near a black vehicle in an EZ Pawn parking lot in Las Vegas, Nevada.  At approximately

22   5:00 p.m., officers of the Las Vegas Metropolitan Police Department (LVMPD) pulled near the

23   vehicle with the intent to speak with the Defendant and his girlfriend.  The officers initiated a

24   conversation, but turned their attention to two other individuals who were using heroine in a nearby

25   car.  By the time the officers returned their attention to the Defendant and his girlfriend, the

26   Defendant was no longer in the parking lot.  The officers spoke to the Defendant's girlfriend instead

27   and learned that the car belonged to her and was registered in her mother's name.  She also stated

28   that the Defendant had been driving the vehicle and she had been the passenger.

1    After that conversation, the officers conducted a records search of the Defendant and learned

2    that he was a two-time convicted felon for Sexual Assault and Robbery.  Based on this information,

3    the officers contacted detectives from the LVMPD Firearms Investigation Section to assist them.

4    Two detectives arrived in the parking lot and confirmed that the Defendant was a convicted felon.

5    One of the detectives then asked the Defendant's girlfriend for consent to search the vehicle.  She

6    agreed and signed a consent form.  During the search, the officers discovered a firearm in a

7    compartment of the car.  The gun was seized and the Defendant's girlfriend was allowed to leave.

8    Several months later, the LVMPD detectives learned that Forrest was incarcerated at the

9    Clark County Detention Center (CCDC) on unrelated charges.  The firearms detectives went to the

10   CCDC on April 13, 2011, to execute a search warrant to recover a sample of the Defendant's DNA.

11   The Defendant consented to the collection of his DNA and signed a form to that effect.

12   After the detectives collected the DNA, they interrogated the Defendant regarding the gun

13   found in his girlfriend's vehicle.  The parties dispute whether the Defendant was read his Miranda

14   Rights prior to this interrogation.  The parties also dispute whether the Defendant admitted to

15   handling the gun.

16   The general booking room, where the Defendant was first contacted, is monitored by video

17   surveillance. However, those videos are only saved for one year, and are no longer available.  The

18   results of the DNA test indicated that the Defendant did not match the DNA. Defendant's

19   fingerprints were not a match either.

20                                    **DISCUSSION**

21   **I. Fourth Amendment Claims**

22   The Defendant withdrew all his fourth amendment claims at the evidentiary hearing. See

23   Minutes of Proceedings (#27).  Accordingly, the Fourth Amendment claim in the Motion to

24   Suppress (#19) are moot.

25   **II.  Miranda Rights**

26   The obligation to administer *Miranda* warnings attaches once a person is subject to

27   "custodial interrogation."  *Miranda v. Arizona*, 384 U.S. 436, 445 (1966).  "The prosecution may

28   not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of

1    the defendant unless it demonstrates the use of procedural safeguards effective to secure the

2    privilege against self-incrimination." *Miranda*, 384 U.S. at 444.

3         In this matter, the parties agree that the Defendant was in custody and that before any

4    interrogation the detectives were obligated to read him his Miranda Rights.  According to the

5    detectives, Forrest was advised of his *Miranda* rights.  Additionally, during the interrogation the

6    Defendant allegedly confessed to handling the gun.  Forrest disputes the government's position.

7    He argues that he was neither read his rights, nor did he confess to handling a firearm.

8         The only evidence as to whether the detectives issued a *Miranda* warning is the testimony

9    presented at the hearing.  The two detectives asserted that they did issue *Miranda* warnings and

10   Forrest asserted they did not.  Due to the limited evidence, and in light of the fact that the

11   Defendant has been previously convicted of felonies involving dishonestly, the Court finds that

12   the LVMPD detectives are more credible than Forrest and that there is not sufficient evidence to

13   suppress the statements made during custodial interrogation.

14                                    **<u>RECOMMENDATION</u>**

15        Based on the foregoing and good cause appearing therefore,

16        IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the

17   Defendant's Motion to Suppress (#19) be **DENIED.**

18                                        **<u>NOTICE</u>**

19        Pursuant to Local Rule IB 3-2 **<u>any objection to this Report and Recommendation must</u>**

20   **<u>be in writing and filed with the Clerk of the Court on or before November 9, 2012.</u>** The

21   Supreme Court has held that the courts of appeal may determine that an appeal has been waived due

22   to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

23   This circuit has also held that (1) failure to file objections within the specified time and (2) failure

24   . . . .

25   . . . .

26   . . . .

27   . . . .

28   . . . .

1   to properly address and brief the objectionable issues waives the right to appeal the District Court's

2   order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d

3   1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

4           DATED this   31st   day of October, 2012.

5

6

7   _____
    ROBERT J. JOHNSTON
8   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28