1
2
3
4          **UNITED STATES DISTRICT COURT**
5              **DISTRICT OF NEVADA**
6                    * * *
7
8    UNITED STATES OF AMERICA,                    2:12-cr-00223-PMP-RJJ
9              Plaintiff,
                                        **REPORT & RECOMMENDATION**
10   vs.                                      **OF UNITED STATES**
                                            **MAGISTRATE JUDGE**
11   JACOB FORREST,
                                         (Defendant's Motion to Dismiss #20)
12             Defendant.
13

14          This matter comes before the Court for a hearing on Defendant's Motion to Dismiss
15   Indictment (#20).  The Court has considered Defendant's Motion to Dismiss (#20), the
16   Government's Response (#22), and Defendant's Reply (#26), as well as the arguments of counsel
17   at the hearing.
18                              **BACKGROUND**
19          On February 28, 2011, Defendant Jacob Forrest and his girlfriend were
20   approached by officers of the Las Vegas Metropolitan Police Department (LVMPD) in an EZ
21   Pawn Parking lot.  The officers initiated a conversation, but turned their attention to two other
22   individuals who were using heroine in a nearby car.  By the time the officers returned their
23   attention to the Defendant, he had left. The Defendant's girlfriend then consented to a search of
24   her vehicle.  During the search, the officers discovered a firearm in a compartment in the car.
25   The gun was seized and the Defendant's girlfriend was allowed to leave.
26          On April 13, 2011, the detectives interrogated the Defendant about the gun while he was
27   incarcerated at the Clark County Detention Center on unrelated charges.  The Defendant
28   allegedly confessed to handling the gun during that interrogation.

1   On December 2, 2011, Forrest and the State of Nevada entered into a Guilty Plea

2   Agreement in case numbers C265053, C276934  and C274424.  Guilty Plea Agreement,

3   Attached as Exhibit A to Defendant's Motion to Dismiss (#20). In that agreement, Forrest

4   pleaded guilty to Attempted Battery with Substantial Bodily Harm.  *Id*.  The parties

5   recommended a term of imprisonment of twelve to thirty months and the dismissal of any open

6   case as of December 2, 2011. *Id*.

7   Subsequently, on May 25, 2012, Forrest was arraigned in Las Vegas Justice Court on one

8   count of Possession of a Firearm by an Ex Felon.  See Transcript of Criminal Proceedings on

9   Friday May 25, 2012, Attached as Exhibit B to the Defendant's Motion to Dismiss (#20).   The

10   basis of that complaint was the alleged possession of the firearm on February 28, 2011.  The case

11   was abruptly dismissed because it was covered by the prior Guilty Plea Agreement between the

12   Defendant and the State of Nevada.  *Id*.  A few days later on May 29, 2011, Forrest was arraigned

13   in state court for an alleged supervision violation based on the possession of a weapon on Feb.

14   28, 2011. It was also dismissed.

15   On June 19, 2012, the federal grand jury indicted Forrest for one count of Felon in

16   Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  The Defendant is currently

17   seeking to dismiss this federal case because it violates the previous plea agreement, and therefore

18   due process.

19   **DISCUSSION**

20   Forrest entered into a plea agreement with the State of Nevada that prevented the state

21   from filing any charges against him relating to the gun.   Forrest argues that the federal

22   government cannot bring a charge against him relating to the gun because the agreement he

23   entered into with the State precludes it.  However, the federal government was not a party to, nor

24   was it mentioned, in that agreement.

25   Courts have repeatedly held that agreements made by state authorities cannot be enforced

26   against the United States because state prosecutors lack the authority to bind federal

27   prosecutors. See, e.g., *United States v. Sparks*, 87 F.3d 276, 279 (9th Cir. 1996) (holding that

28   state prosecutors' agreements with the defendant are not binding on federal prosecutors); *United*

1 *States v. Cordova–Perez*, 65 F.3d 1552, 1554 (9th Cir. 1995) ("[I]t is well settled that states

2 cannot bind the federal government to the terms of a plea agreement to which the federal

3 government is not a party."), *cert. denied*, 519 U.S. 838 (1996).

4       Here, the State of Nevada agreed not to pursue criminal charges against the Defendant

5 relating to the handgun found on February 28, 2011.  This does not mean that the federal

6 government is precluded from bringing a charge.  The federal government was not a party to the

7 plea agreement nor did it ever agree to not prosecute the Defendant on a charge related to the

8 gun.  Accordingly, the federal government is permitted to bring the present case, and the Motion

9 (#20) should be denied.

10                                       **RECOMMENDATION**

11       Based on the foregoing and good cause appearing therefore,

12 IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's

13 Motion To Dismiss Indictment (#20) be **DENIED**.

14                                                 **NOTICE**

15       Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation**

16 **must be in writing and filed with the Clerk of the Court within 14 days of service of this**

17 **document.** The Supreme Court has held that the courts of appeal may determine that an appeal

18 has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*,

19 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the

20 specified time and (2) failure to properly address and brief the objectionable issues waives the

21 right to appeal the District Court's order and/or appeal factual issues from the order of the

22 District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United*

23 *Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

24       DATED this __31st__ day of October, 2012.

25

26

27                                     _____
                                  ROBERT J. JOHNSTON

28                                   United States Magistrate Judge