UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:12-CR-00223-PMP-NJK |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| JACOB FORREST, ) | |
| ) | |
| Defendant. ) | |

On October 31, 2012, the Honorable Robert J. Johnston, United States Magistrate Judge, entered a Report and Recommendation (Doc. #30) recommending denial of Defendant's Motion to Suppress (Doc. #19). Defendant filed a timely Objection to the Report and Recommendation of the United States Magistrate Judge and Request for Limited Evidentiary Hearing (Doc. #35) in accord with the provisions of Local Rule 1B 3-2 and 28 U.S.C. § 636(b)(1)(B).

On January 14, 2013, the Court conducted a hearing regarding Defendant's objections. Additionally, the Court has conducted a *de novo* review of the entire proceeding before the Magistrate Judge by both reading a transcript of the hearing conducted October 25, 2012, and listening to an audio recording of the witnesses who testified at said hearing. Based upon that *de novo* review, the Court finds that no additional evidentiary hearing is warranted and that the recommendation of the Magistrate Judge to deny Defendant's Motion to Suppress (Doc. #19) should be affirmed.

1    The dispositive issue before the Court on Defendant's Objections (Doc.
2 #35) revolves around whether Las Vegas Metropolitan Police Department Detective
3 Robert Orth advised Defendant Jacob Forrest of his *Miranda* Rights when he and
4 Las Vegas Metropolitan Police Department Sargent Thomas Allen interviewed
5 Defendant at the Clark County Detention Center on April 13, 2011.  Although there
6 is some inconsistency in Detective Orth's testimony and the contents of his police
7 report regarding whether he advised Defendant Forrest of his *Miranda* Rights from
8 memory, or by means of a written advice of rights card, Detective Orth testified that
9 he did in fact advise Defendant Forrest of his *Miranda* Rights prior to interrogating
10 him.  Sargent Thomas Allen also testified that Detective Orth advised the Defendant
11 of his *Miranda* Rights, although he could not recall whether it was done from
12 memory or by using an advice of rights form or card.  Defendant Forrest testified,
13 however, that neither Detective Orth or Sargent Allen advised him of his *Miranda*
14 Rights prior to conducting the interview of him at the Clark County Detention
15 Center on April 13, 2011, at which Defendant Forrest allegedly made certain
16 incriminating statements regarding possession of a firearm found in an automobile
17 on February 28, 2011.

18    In his Report and Recommendation, the Magistrate Judge addressed the
19 issue before the Court as follows:

> "The only evidence as to whether the detectives issued a *Miranda* warning is the testimony presented at the hearing.  The two detectives asserted that they did issue *Miranda* warning s and Forrest asserted they did not.  Due to the limited evidence, and in light of the fact that the Defendant has been previously convicted of felonies involving dishonestly, the Court finds that the LVMPD detectives are more credible than Forrest and that there is not sufficient evidence to suppress the statements made during custodial interrogation."

25    Having listened to the recorded testimony of the witnesses appearing
26 before the Magistrate Judge at the October 25, 2012 hearing, and finding that no

separate basis exists to warrant a live repetition of the testimony on the issue, the Court finds by clear and convincing evidence that the finding of the Magistrate Judge as to credibility of the testifying witnesses must be affirmed.

Specifically, the Court rejects Defendant's argument that inconsistency in Detective Orth's testimony concerning whether he advised Defendant Forrest of his *Miranda* Rights from memory, or by use of a written document, is simply not sufficient to discredit the testimony of both Detective Orth and Sargent Allen that in fact Defendant Forrest was advised of his *Miranda* Rights.  Also, the Court finds irrelevant whether Detective Orth had ever "seen or used" a written waiver of *Miranda* Rights form prior to his interview of Defendant Forrest.  Finally, the Court finds no merit in Defendant's argument that the Court should discredit Detective Orth's testimony because he had testified that he "typically" did not arrest individuals on gun charges until after the results of fingerprint analysis and DNA testing were received, but in the case of Defendant Forrest deviated from such a custom. The court finds such a deviation does not render unbelievable Detective Orth's testimony that he in fact advised Defendant Forrest of his *Miranda* Rights before interrogating him in this case.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Doc. #30) is hereby **AFFIRMED**, and that Defendant's Motion to Suppress (Doc. #19) is **DENIED**.

DATED: January 15, 2013.

PHILIP M. PRO
United States District Judge